UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

GAIL GONZALEZ,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Wal-Mart Stores East LP ("Wal-Mart"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3) and Rule 81(c) of the Federal Rules of Civil Procedure, file this Notice of Removal removing to this Court the action filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 2020-018071-CA-01, with full reservation of rights, exceptions and defenses, and in support thereof state:

### I.   Background

1. On August 24, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida. *See* Pl.'s Complaint attached as Ex. "A." The Complaint was served on September 23, 2020. *See* Affidavit of Service attached as Ex. "B."

2. Plaintiff Gail Gonzalez alleges a claim for negligence against Wal-Mart as a result of injuries she sustained on June 28, 2018 while walking the aisles of the Wal-Mart store located at 9300 Northwest 77th Avenue, Hialeah, Florida 33016. *See* Complaint (Ex. A) at ¶¶ 5–7.

3. Plaintiff Gail Gonzalez further alleges that she was and is a resident of Miami-Dade County, Florida. *See* Complaint (Ex. A) at ¶ 2.

4. Wal-Mart Stores East, LP is a foreign limited partnership and maintains its principal place of business in Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Ex. "C."

5. Plaintiff's complaint alleges that Plaintiff Gail Gonzalez was walking the aisle of the Wal-Mart store when she allegedly stepped on and slipped on a "Vienna sausage, sausage and/or meat product" and "was injured in and about her body and extremities." *See* Complaint (Ex. A) at ¶¶ 7, 12.

6. At the time of filing the instant lawsuit, Plaintiff filed a civil cover sheet, which estimates that her damages are approximately $1,000,000.00. *See* Civil Cover Sheet as Ex. "D."

7. Furthermore, on August 20, 2020, Plaintiff sent a follow-up demand letter to Wal-Mart alleging that Plaintiff underwent "several cervical and lumbar injection [sic] and a left sacrioiliac [sic] joint fusion; with three (3) titanium devices in her sacrioiliac [sic] joint" causing her post medical bills to "exceed $100,000.00." *See* Pl's Follow-up Demand Ltr as Ex. "E."

8. Therefore, this Court has jurisdiction over this matter, and it is removable based on diversity of citizenship of the parties. The matter is removable based on diversity of citizenship because Plaintiff Gonzalez and Wal-Mart are citizens of different states and the amount in controversy exceeds $75,000.00—exclusive of interest, attorney's fees, and costs.

9. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. Removal is Timely

10. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart filed its Notice of Removal on October 13, 2020, within thirty (30) days of the date that it received or was served a copy of Plaintiff's filed Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty-day period, under Section 1446 (b)(1) commenced on September 23, 2020, when Plaintiff served her Complaint.

11. Venue is proper in this Court because the state court where Plaintiff filed her Complaint, the 11th Judicial Circuit in and for Miami-Dade County, Florida, is located in the City of Miami, which is within this Court's jurisdiction.

## III. There is Complete Diversity Between the Parties

12. In accordance with 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 § 1332(a)(1).

13. For purposes of 28 U.S.C. §§ 1332, 1441, an unincorporated association, such as a limited partnership, is deemed to be a citizen of the State(s) in which each of its members is domiciled. *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990). Defendant Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC and WSE Investment, LLC are the sole partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal

place of business in Arkansas. Defendant Wal-Mart, Inc. is the sole member of Wal-Mart Stores East, LLC. Wal-Mart, Inc. is and was a Delaware corporation, with its principal place of business in Arkansas. Wal-Mart Inc. is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. No publicly traded entity owns more than 10% of Wal-Mart Inc. Hence, Defendants are citizens of only Delaware and Arkansas.

14. Plaintiff Gail Gonzalez was and is a resident of Miami-Dade County, Florida. *See* Complaint (Ex. A) at ¶ 2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla.) (Cohn, J (internal citations omitted).

15. Plaintiff alleges that she is a resident of Miami-Dade County. *See* Complaint (Ex. A) at ¶ 2. Plaintiff's Miami-Dade County residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity jurisdiction. *See Katz*, 2009 WL 1532129 at *3.

IV. **The Amount in Controversy Requirement Has Been Met**

16. The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy, it is clear from the civil cover sheet, Complaint, and demand letter, that the Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz*, 2009 WL 1532129 at *5 (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on the medical bills cited in plaintiff's pre-suit demand); *see also Mick v. De Vilbiss Air Power Co.*, 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (relying on pre-suit demand letter seeking

$175,000.00 in damages as competent evidence of amount in controversy and denying Plaintiff's motion to remand).

17. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the Plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) citing *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id*. (citing Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

18. The relevant portions of Plaintiff's demand letter citing Plaintiff's past medical procedures and expenses conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

19. Specifically, the medical expenses and procedures that Plaintiff has undergone thus far "exceed $100,000.00." *See* Ex. "E." Furthermore, the Complaint and the civil cover sheet confirm that Plaintiff Gail Gonzalez alleges that she has sustained serious injuries and estimates that her damages total or will total approximately $1,000,000.00. *See* Ex. "A"; *see also* Ex. "D." In addition, Plaintiff's Complaint further alleges damages for, among other things, physical handicap, past and future loss of working ability, pain and suffering, and that her injuries are permanent or continuing. *See* Ex. "A" at ¶ 12.

20. Plaintiff's aforementioned representations sufficiently and conclusively establish that, by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional threshold of $75,000.00 for this Court to maintain and retain jurisdiction. The decisions of several district courts support this conclusion.

21. For example, the court in *Katz v. J.C. Penney Corp.* held that the defendant seeking removal had sufficiently established that the amount in controversy was satisfied based on information included in Plaintiff's pre-suit demand package. 2009 WL 1532129 at *4. Here, Plaintiff's demand letter also sufficiently establishes that the amount in controversy is satisfied. *See* Ex. "E."

22. District courts consistently found that the amount in controversy is met where it is shown that a plaintiff's pre-suit demand letter represented that plaintiff's past medical bills exceeded $75,000.00. For example, in *Stramiello v. Petsmart, Inc.*, the court determined that the defendant successfully met its burden of proving the amount in controversy was in excess of $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92. Much like Plaintiff Gonzalez in the instant matter, the plaintiff in *Stramiello* alleged that his injuries were permanent and that he would "seek recovery of future medical expenses and significant pain and suffering damages." *Id*. Because the court found that defendant demonstrated complete diversity and that the amount in controversy exceeded the jurisdictional minimum, the court ultimately denied the plaintiff's motion to remand. *Id*. at *5.

23. Moreover, in *Wilson v. Target Corp.*, plaintiff's pre-suit demand letter plaintiff revealed she had sustained over $100,000.00 in past medical expenses and would suffer an additional one million dollars in future medical expenses due to an alleged accident. *Wilson v. Target Corp.*, 2010 WL 3632794, at *4 (S.D. Fla. 2010). There, the court denied plaintiff's motion to remand

despite acknowledging that plaintiff did not specify the exact amount of damages sought in her complaint because it found that plaintiff's pre-suit demand letter and the unspecified damages in his complaint were enough to determine by a preponderance of the evidence that the amount in controversy surpassed $75,000.00. *Id*.

24. Here, Plaintiff's demand letter represents an honest assessment that her claimed damages exceed $100,000.00 because it is based on Plaintiff's past medical procedures and medical bills. *See Katz*, 2009 WL 1532129, at *5. Notably, this does not include other damages claimed by Plaintiff in her Complaint. *See* Ex. "A."

25. As in *Katz, Stramiello*, and *Wilson*, here, Plaintiff's past medical expenses exceed $100,000.00—exclusive of her future medical expenses, loss of earning capacity, and other damages alleged in Plaintiff's Complaint. This evidence sufficiently establishes that Plaintiff's claimed damages exceed $75,000.00. As a result, Wal-Mart has demonstrated by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum required, therefore rendering removal appropriate.

### V.     Conclusion

26. As Wal-Mart has timely filed its Notice of Removal and met this Court's jurisdictional requirement, this Court should permit the removal of Plaintiffs' underlying state court action in keeping with 28 U.S.C. §§ 1332, 1441 and 1446.  Upon filing of this Amended Notice of Removal, Wal-Mart will promptly give written notice of the same to Plaintiffs, through their attorneys of record, and the Clerk of the Circuit Court.

WHEREFORE, by reasons of the foregoing, Wal-Mart respectfully requests that this Notice of Removal be accepted as adequate under federal law, and that Plaintiff's state court action, Case No. 2020-018071-CA-01, on the docket of the 11th Judicial Circuit Court in and for

Miami-Dade County, Florida, be removed from that court to the United States District Court for the Southern District of Florida, Miami-Dade Division, and that this Court assume full and complete jurisdiction over the case issuing all necessary orders along with any other relief that the Court deems just and proper.

Respectfully submitted,

By: /s/ *Darin A. DiBello*
Darin A. DiBello
Florida Bar No. 957615
Frantz Destin, Jr.
Florida Bar No. 109669
dibello@fasidibellolaw.com
perry@fasidibellolaw.com
destin@fasidibellolaw.com
jeffrey@fasidibellolaw.com
*Counsel for Defendant*
**FASI & DIBELLO, P.A.**
150 SE 2nd Ave, Suite 1010
Miami, FL 33131
Telephone: (305) 537-0469
Facsimile: (305) 503-7405

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on this 13th day of October, 2020 to Brian Glatzer, Bernstein and Maryanoff, 15055 SW 122nd Ave., Miami, FL 33186; bdglatzer@bellsouth.net; Natalie@911injured.com.

By: /s/*Darin A. DiBello*
Darin A. DiBello